Filed by MDC D.C.
ELECTRONIC
FEB. 18, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **10-20089-CR-COOKE/BANDSTRA**

18 U.S.C. § 1591(a)(1)
18 U.S.C. § 2421
18 U.S.C. § 2422(a)
18 U.S.C. § 2422(b)
21 U.S.C. § 2423(a)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 1594(d)

UNITED STATES OF AMERICA

v.

FRED QUINTON COLLINS,
 a/k/a "Reggie,"

 Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

On or about January 30, 2010, the exact date being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRED QUINTON COLLINS,**
a/k/a "Reggie,"

did knowingly, in and affecting interstate and foreign commerce, transport by any means a person, that is, W.B., knowing and in reckless disregard of the fact that W.B. had not attained the age of eighteen and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and 2.

## COUNT 2

From on or about January 30, 2010, the exact date being unknown to the Grand Jury, and continuing through on or about February 7, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRED QUINTON COLLINS,**

a/k/a "Reggie,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, provide, obtain, and maintain by any means a person, that is, W.B., knowing and in reckless disregard of the fact that W.B. had not attained the age of eighteen and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and 2.

## COUNT 3

On or about January 30, 2010, the exact date being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRED QUINTON COLLINS,**
a/k/a "Reggie,"

did knowingly transport an individual, that is, W.B., in interstate and foreign commerce, with the intent that such individual engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Sections 2421 and 2.

2

## COUNT 4

From on or about January 30, 2010, the exact date being unknown to the Grand Jury, and continuing through on or about February 7, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRED QUINTON COLLINS,**
a/k/a "Reggie,"

did knowingly persuade, induce, entice, and coerce any individual, that is W.B., M.C., and K.G., to travel in interstate and foreign commerce to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Sections 2422(a) and 2.

## COUNT 5

From on or about January 30, 2010, the exact date being unknown to the Grand Jury, and continuing through on or about February 7, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRED QUINTON COLLINS,**
a/k/a "Reggie,"

using any facility and means of interstate and foreign commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of eighteen years, that is, W.B., to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Sections 2422(b) and 2.

## COUNT 6

On or about January 30, 2010, the exact date being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRED QUINTON COLLINS,**
a/k/a "Reggie,"

did knowingly transport an individual who had not attained the age of eighteen years, that is, W.B., in interstate and foreign commerce, with the intent that such individual engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Sections 2423(a) and 2.

## CRIMINAL FORFEITURE

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest pursuant to Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d), and the procedures outlined at Title 21, United States Code, Section 853.

2. Upon conviction of any violation of Title 18, United States Code, Sections 1591(a), as alleged in Counts 1 and 2 of this Indictment, the defendant shall forfeit to the United States: (a) pursuant to Title 18, United States Code, Section 1594(d), the defendant's interest in any property, real and personal, that was used or intended to be used to commit or facilitate the commission of the violation, and any property, real and personal, constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violation; and (b) pursuant to Title 18, United

4

States Code, Sections 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), any property, which constitutes or is derived from proceeds traceable to such violation.

All pursuant to Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d), and the procedures set forth in Title 21, United States Code, Section 853.

TRUE BILL.

_____
FOREPERSON

_____
JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

_____
SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **FRED QUINTON COLLINS,** a/k/a "Reggie" Defendant. _____ / | Superseding Case Information: |

| | New Defendant(s) | Yes ____ No ____ |
|---|---|---|
| **Court Division**: (Select One) | Number of New Defendants | ____ |
| _X_ Miami  ___ Key West | Total number of counts | ____ |
| ___ FTL  ___ WPB  ___ FTP | | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)  **No**
   List language and/or dialect  _____

4. This case will take  _2-3_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   
   | | | | | | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | _X_ | Petty | ____ |
   | II | 6 to 10 days | ____ | Minor | ____ |
   | III | 11 to 20 days | ____ | Misdem. | ____ |
   | IV | 21 to 60 days | ____ | Felony | _X_ |
   | V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  **Yes**
   If yes:
   Magistrate Case No.  _10-mj-02145-CMM_
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  **No**

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ____ Yes  _X_ No

                                         _____
                                         SEAN MCLAUGHLIN
                                         ASSISTANT UNITED STATES ATTORNEY
                                         Court No. A5501121

*Penalty Sheet(s) attached                              REV.4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** FRED QUINTON COLLINS, a/k/a "Reggie"

**Case No:** _____

Count #: 1

Sex Trafficking Of Children

Title 18, United States Code, Section 1591(a)(1), (b)(1) and 2

**\*Max. Penalty:** Life Imprisonment

Count #: 2

Sex Trafficking Of Children

Title 18, United States Code, Section 1591(a)(1), (b)(1) and 2

**\*Max. Penalty:** Life Imprisonment

Count #: 3

Transporting Individual With Intent For Individual To Engage In Prostitution

Title 18, United States Code, Section 2421 and 2

**\*Max. Penalty:** 10 Years' Imprisonment

Count #: 4

Coercion And Enticement Of Individual To Engage In Prostitution

Title 18, United States Code, Section 2422(a) and 2

**\*Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT           Pg2
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** FRED QUINTON COLLINS, a/k/a "Reggie"

**Case No:** _____

Count #: 5

Inducing A Minor To Engage In A Commercial Sex Act

Title 18, United States Code, Section 2422(b)and 2

**\*Max. Penalty:** Life Imprisonment

Count #:6

Transportation Of A Minor With Intent To Engage In Criminal Sexual Activity

Title 18, United States Code, Section 2423(a)and 2

**\*Max. Penalty:** Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**